■ GREAT ATLANTIC INSURANCE COMPANY, Appellant, v THEODORE SHEPARD et al., Respondents. — Judgment, Supreme Court, New York County (Pecora, J.), entered February 11, 1982, reversed, on the law and the facts, vacated, the petition of appellant Great Atlantic Insurance Company to stay an arbitration demanded by respondent-respondent Shepard reinstated, and granted, with costs, to be paid by respondent-respondent Liberty Mutual Insurance Company to petitioner-appellant Great Atlantic Insurance Company. Respondent-respondent Bernard Fidel[*] owned and drove an auto which allegedly struck Shepard and inflicted injury. The latter's motorcycle was insured by Great Atlantic, the policy containing the standard uninsured motorist clause. Shepard first called upon Liberty Mutual, insurer of Fidel, and was told that Fidel's insurance had been canceled. Then, in turn, he wrote to Great Atlantic, advising the latter of that circumstance and demanding that it, as Shepard's carrier, provide him with benefits under his policy's uninsured motorist clause. That notice was followed thereafter by Shepard's demand upon Great Atlantic for arbitration, countered by the instant petition to stay the same. In course, the matter came on for hearing. At the hearing, the exhibit produced by Liberty Mutual's representative to prove the form of the cancellation was on

* The name is found in the record variously as Fidel Bernard and, vice versa, Bernard Fidel.

microfilm, the original having long since been destroyed; sufficient evidence was adduced from which it could properly be inferred by a trier of the fact that some form of cancellation notice had been sent to Fidel. The original not being in existence, it was not possible to prove compliance with required statutory type size, the microfilm being by definition smaller. No "life-size" copy of the cancellation notice was produced; however, a photocopy, made from the microfilm, and unverified as to original type size, was given to the court. An insurance policy in evidence demonstrated with certainty that Fidel had in the past bought insurance from Liberty Mutual. An expert witness was asked whether, "if the original copy was reduced to microfilm any reproduction on the microfilm can be at almost any size type that the developer wants to make it." The answer: "That is correct." In the face of this answer, unless there were precise scientific proof of the methods and conditions of reduction to microfilm as well as subsequent blowups — and there was not — it would obviously be impossible to have a verifiable opinion of the type size of the original. The expert's subsequent opinion as to type size of the unproduced original should therefore not have been considered by the court. Thus, there was no acceptable proof that the cancellation notice sent Fidel was of the requisite type size. And further, the trier of the fact had no basis for so finding. Respondent-respondent Liberty Mutual's claim of a valid cancellation should therefore not have been sustained, and the petition to stay arbitration as to Great Atlantic should have been granted. Concur — Sandler, J. P., Sullivan, Markewich, Fein and Milonas, JJ.