■ In the Matter of NATIONWIDE INSURANCE COMPANY, Appellant, v ALEX McGILL et al., Respondents. — In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Kings County (Pino, J.), dated October 5, 1982, which dismissed the petition. Judgment affirmed, with costs. Trial Term correctly held that the notice of cancellation sent by respondent Michigan Millers Mutual Insurance Company was in the requisite 12-point type and served to validly cancel an automobile insurance policy issued by the insurance company on a car owned by one Milagros Rosas. On the instant appeal, petitioner argues that Trial Term erred in its holding. Specifically, petitioner contends that (1) the only evidence of compliance with the statutory mandate of 12-point type (Banking Law, § 576) submitted during the trial was a microfilm copy of the notice of cancellation and (2) under the authority of *Great Atlantic Ins. Co. v Shepard* (89 AD2d 832), this evidence was insufficient to establish compliance with the statute. In our view *Great Atlantic Ins. Co. v Shepard (supra)* is factually distinguishable from the case at bar. In *Great Atlantic (supra)* the original notice of cancellation had been destroyed and a microfilm copy thereof was admitted into evidence. An expert witness was asked (p 833) whether " 'if the original copy was reduced to microfilm any

reproduction on the microfilm can be at almost any size type that the developer wants to make it'". The answer given was in the affirmative. Under these circumstances, the First Department held that there was "no acceptable proof that the cancellation notice * * * was of the requisite type" and granted the petition to stay arbitration (*Great Atlantic Ins. Co. v Shepard, supra,* p 833). In the case at bar no testimony was offered to indicate that the microfilm copy was not an exact duplicate of the original; indeed, a "true" copy of the actual notice of cancellation was annexed to the insurance company's answer, and a comparison of this exhibit with the microfilm copy introduced into evidence clearly indicates that they are exact duplicates. Accordingly, the judgment appealed from must be affirmed. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.